Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CHARMING BEATS LLC,                           Case No.: 23-cv-4508

                    Plaintiff,         **ECF CASE**

         v.                                **COMPLAINT AND JURY DEMAND**
                                              **FOR DAMAGES FOR COPYRIGHT**
UPTONE PICTURES, INC.,                        **INFRINGEMENT**

                    Defendant.
-----------------------------------------------------------------x

      Plaintiff CHARMING BEATS LLC, by and through the undersigned counsel, brings this Complaint and Jury Demand against defendant UPTONE PICTURES, INC. for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

**JURISDICTION AND VENUE**

      1.     This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

## SPECIFIC JURISDICTION

2. Plaintiff is the exclusive owner of all rights to the copyrighted recording and composition "Equinox" – U.S. Copyright Registration No. SR 713-239 (the "Copyrighted Track").

3. Defendant is a nondomiciliary headquartered in Wisconsin.

4. Defendant, without a license or authority, synchronized the Copyrighted Track to a video (the "Infringing Video").

5. Defendant, without license or authority, then distributed the Infringing Video to at least one third-party, YouTube, where publicly displayed on defendant's YouTube page.

6. Defendant's unlicensed reproduction, public display, distribution, and synchronization of the Copyrighted Track are torts committed outside the state.

7. Defendant was put on notice of its infringing activity multiple times but elected to continue to infringe notice.

8. Defendant derives significant revenue from interstate commerce.

9. Plaintiff suffered a particularized injury in this Judicial District.

10. Plaintiff was injured in New York State in multiple ways. Plaintiff lost the licensing revenue, owed to plaintiff in this State. The association of the ambient, spiritual, Copyrighted Track with defendant substantially impaired plaintiff's ability to license the Copyrighted Track to its New York based clientele.

11. Defendant was put on notice that its infringing activity was having consequences in this state.

12. Defendant elected to continue to infringe, knowing its actions would have consequences in this state.

13. The entire Copyrighted Track was used by defendant to promote its services and overall institution.

14. Jurisdiction is conferred to this Court over defendant pursuant to CPLR § 302(a)(3)(i) and (ii).

## VENUE

15. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District and venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(1)-(3).

## DUE PROCESS

16. There are no due process concerns in light of the fact that defendant committed intentional torts knowing they would have an impact in this Judicial District.

## PARTIES

17. Plaintiff CHARMING BEATS LLC is a limited liability company existing and organized under the laws of the State of Florida with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

18. Upon information and belief, defendant UPTONE PICTURES, INC. is a corporation organized and existing under the laws of North Carolina and maintains its principal place of business at 5000 Tremont Dr., Raleigh, NC 27609.

## FACTS

19. Plaintiff is the sole owner by assignment of an original musical composition and recording titled "Equinox" – U.S. Copyright Registration No. SR 713-239 (the "Copyrighted Track"). See **Exhibit 1.**

20. The two (and only) members of plaintiff are the sole authors of the Copyrighted Track.

21. Defendant created an infringing trailer for the movie "Destiny Road" (the "Infringing Video").

22. Defendant, without license or authority, reproduced and synchronized the Copyrighted Track to the Infringing Video.

23. Defendant, without license or authority, distributed the Infringing Video to YouTube (and possibly other third-party Internet service providers) where the Infringing Video was publicly displayed on defendant's YouTube page located at <www.youtube.com/watch?v=GiWATHKOnUY>.

24. At no time did the defendant have the right to use the Copyrighted Track in any manner.

25. Defendant infringed plaintiff's rights to the Copyrighted Track as set forth in 17 U.S.C. § 106.

26. As a direct and proximate result of defendant's acts of infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's direct and indirect profits concerning the Infringing Video in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) of up to $150,000, plus costs, interest, and reasonable attorneys' fees.

## DMCA VIOLATIONS

27. Defendant removed and failed to include the copyright management information ("CMI") associated with the Copyrighted Track. Specifically, the Infringing Video omits the Copyrighted Track' title, album name, author, label, and copyright owner.

28. Defendant removed the CMI with the intent to conceal its infringing conduct.

29. Defendant's removal and/or failure to include any copyright management information after notice is a violation of 17 U.S.C. § 1202 – the DMCA.

30. Defendant refused to include the CMI despite numerous notices. This is a separate violation of 17 U.S.C. § 1202.

31. Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA, plus its reasonable attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

32. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

33. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Track.

34. Defendant, without authority from plaintiff, reproduced, distributed, publicly displayed, and/or synchronized plaintiff's Copyrighted Track, in its entirety, to the Infringing Video.

35. Defendant created and displayed the Infringing Video for the sole purpose of advertising its book with the intent to generate additional income.

36. Defendant refused to cease-and-desist after demands from YouTube and plaintiff's counsel.

37. Defendant's use of the Copyrighted Track was not for criticism, comment, news reporting, teaching, scholarship, or research.

38. Defendant's use was not transformative.

39. Defendant elected to reproduce, synchronize, publicly display, and/or distribute plaintiff's Copyrighted Track, using a substantial portion of the Track, without a license.

40. As a direct and proximate result of defendant's infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's direct and indirect profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of up to $150,000 plus costs, interest, and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF DMCA OF 1998, AS AMENDED,
## 17 U.S.C. §§ 1201, et seq.

41. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

42. Plaintiff always distributes its copyrighted recordings, including the Copyrighted Track here, with copyright management information including the title, author, label, and copyright owner.

43. Defendant could not have obtained a copy of the master recording for the Copyrighted Track without this information.

44. Master recordings are tightly controlled by plaintiff to prevent unauthorized commercial use – like the infringing use at issue here.

45. A master recording is an authenticated and unbroken version of a musical recording (typically 96 kHz / 24 bit) with the highest-possible resolution—as flawless as it sounded in the mastering suite.

46. Defendant's Infringing Video is synchronized to a very high-resolution copy of the Copyrighted Track. This high-resolution version cannot be obtained without copyright management information being included.

47. Defendant removed plaintiff's CMI, and then copied, synchronized, publicly displayed, and distributed the Copyrighted Track.

48. Defendant failed to include any information which identified the Copyrighted Track, the author of the Copyrighted Track, the owner of any right in the Copyrighted Track, or information about the terms and conditions of use of the Copyrighted Track after multiple notices.

49. Defendant did the forgoing with the intent to conceal the infringement.

50. Defendant violated the DMCA each time it wrongfully distributed the Infringing Video.

51. Defendant violated the DMCA by failing to correct the CMI after multiple notices.

52. Plaintiff seeks award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000 plus its reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. an award of statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5. reasonable attorneys' fees and costs (17 U.S.C. § 505);

6. pre- and post-judgment interest to the extent allowable; and,

7. such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: June 19, 2023  **GARBARINI FITZGERALD P.C.**
New York, New York

By: *Richard M. Garbarini*
Richard M. Garbarini (RG 5496)