**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CHARMING BEATS, LLC,

      Plaintiff,

                              **Case No. 1:23-cv-04508-NRM-JRC**

v.

UPTONE PICTURES, INC.

      Defendant.

_____/

## <u>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>

Defendant, UPTONE PICTURES, INC. ("Defendant"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(2), hereby moves this Court for an order dismissing Plaintiff's, CHARMING BEATS, LLC ("Plaintiff"), Complaint [D.E. 1] with prejudice and, in support thereof, states as follows:

## <u>INTRODUCTION</u>

1.      On June 19, 2023, Plaintiff filed its Complaint against Defendant, alleging the following causes of action: (1) Copyright Infringement, and (2) Violation of DMCA of 1998 (17 U.S.C. §§ 1201, et seq.). [D.E. 1]. Per the Complaint, Plaintiff's claims stem from Defendant's alleged unauthorized use of Plaintiff's Copyrighted Track[1] as part of Defendant's creation of a trailer for the movie "Destiny Road" that was uploaded to YouTube.

2.      Plaintiff's Complaint suffers from a fatal flaw that prevents this Court from determining the merits of this case – namely, Plaintiff's failure to allege any supported facts that could lead the Court to conclude that it has personal jurisdiction over Defendant.

---

[1] As defined in Plaintiff's Complaint. *See* D.E. 1, ¶ 2

3.	As detailed below, there is no basis pursuant to which Plaintiff's Complaint may proceed in this Court. For such reason, Defendant requests that the Court enter an order dismissing Plaintiff's Complaint with prejudice.

## ARGUMENT

### A. Legal Standard

"A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Troma Entm't, Inc. v. Centennial Pictures Inc*., 729 F.3d 215, 217 (2d Cir. 2013); *see also Metro. Life Ins. Co. v. Robertson–Ceco Corp*., 84 F.3d 560, 566 (2d Cir. 1996) (stating that on a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of establishing jurisdiction over the defendant). Though – in determining a motion for lack of personal jurisdiction – courts construe pleadings and any supporting materials in a light most favorable to the plaintiff (notwithstanding a controverting presentation by the moving party, *see Adwar Casting Co. v. Star Gems Inc.,* 342 F. Supp. 3d 297, 300 (E.D.N.Y. 2018)), a court need not, however, "draw argumentative inferences in the plaintiff's favor," nor "accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013). Thus, the plaintiff "may not rely on conclusory statements without any supporting facts, as such allegations would 'lack the factual specificity necessary to confer jurisdiction.'" *Art Assure Ltd., LLC v. Artmentum GmbH*, 2014 WL 5757545, at *2 (S.D.N.Y. Nov. 4, 2014); *see also Cont'l Indus. Grp. v. Equate Petrochemical Co*., 586 F. App'x 768, 769 (2d Cir. 2014) (A plaintiff "must make allegations establishing jurisdiction with some factual specificity and cannot establish jurisdiction through conclusory assertions alone.").

### B. Plaintiff's Complaint Fails to Establish Personal Jurisdiction Over Defendant.

Plaintiff's Complaint alleges that the Court has subject matter jurisdiction to hear this

dispute "pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions)." [D.E. 1, ¶ 1]. "To determine personal jurisdiction over a non-domiciliary in a case involving a federal question, the Court must engage in a two-step analysis." *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010). First, the Court must apply the state's long-arm statute. *Id*. Second – and only upon determination that the long-arm statute permits personal jurisdiction – the Court must analyze whether personal jurisdiction comports with due process. *Id.* at 164.

Due process requires that the defendant have certain "minimum contacts" with the forum state. *See Adwar Casting Co.*, 342 F. Supp. 3d at 300. Such minimum contacts assure that a defendant "will only be subjected to the jurisdiction of a court where the maintenance of a lawsuit does not offend traditional notions of fair play and substantial justice." W*aldman v. Palestine Liberation Org*., 835 F.3d 317 (2d Cir. 2016). In assessing a defendant's contact with the forum state for due process purposes, "the crucial question is whether the defendant has purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," and therefore "should reasonably anticipate being haled into court there." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242-43 (2d Cir. 2007).

**1. Defendant is not subject to general jurisdiction in New York.**

As an initial matter, Plaintiff's Complaint completely fails to allege that Defendant is subject to general jurisdiction in New York. "In New York, general jurisdiction is governed by N.Y. CPLR § 301. Section 301 preserves the common law notion that a court may exercise general jurisdiction over a nondomiciliary defendant if that defendant is engaged in such a continuous and systematic course of doing business here to warrant a finding of its presence in this jurisdiction." *Thackurdeen v. Duke Univ*., 130 F.Supp.3d 792, 798 (S.D.N.Y. 2015); *see also Sonera Holding*

*B.V. v. Çukurova Holding A.Ş.,* 750 F.3d 221, 224 (2d Cir.) ("[G]eneral jurisdiction exists only when a corporation's contacts with a state are so 'continuous and systematic' as to render it *essentially at home* in the forum State.") (emphasis added). The Supreme Court has stated that the "paradigm bases" for determining the place where a corporation is "at home" are "the place of incorporation and the principal place of business." *Daimler AG v. Bauman*, 134 S.Ct. 746, 760 (2014).

Plaintiff's Complaint does not allege that Defendant is incorporated, or has a principal place of business, in New York. *See* [D.E. 1, ¶ 3] ("Defendant is a nondomiciliary headquartered in Wisconsin."); *but see also* [D.E. 1, ¶ 18] (stating, upon information and belief, Defendant is a corporation organized and existing under the laws of North Carolina, with a principal place of business located in North Carolina). Furthermore, Plaintiff's Complaint is completely devoid of any factual allegations to support any claim that Defendant's alleged contacts with New York is substantial for the purpose of establishing Defendant is *essentially at home* in New York. *See, e.g.*, *Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 606 (S.D.N.Y. 2016) (stating Plaintiffs have not alleged facts sufficient to confer general jurisdiction, because (1) the complaint does not allege that defendants are incorporated in, or have a principal place of business in, New York, and (2) Plaintiffs have not alleged contacts so substantial to meet the "exceptional case" in which a corporation is "essentially at home" in a foreign forum).

As Plaintiff has essentially waived any assertion of general jurisdiction over Defendant, including, but not limited to, failing to plead any allegations relating thereto, there is no need to conduct any due process analysis, as it is clear – and Plaintiff concedes – that Defendant is not subject to general jurisdiction in the State of New York.

**2. Defendant is not subject to specific jurisdiction in New York.**

Additionally, Plaintiff's Complaint fails to plead with factual specificity – and without reliance on unfounded legal conclusion – any allegations that would support the Court's exercise of specific jurisdiction over Defendant. The existence of specific jurisdiction "depends on an affiliation between the forum [state] and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011); *see Powell v. Monarch Recovery Management, Inc*., 2016 WL 8711210, at *6 (E.D.N.Y. 2016) (New York's long-arm statute requires that the claim asserted arise from the activity asserted).

The entirety of Plaintiff's allegations asserting that the Court has specific jurisdiction over Defendant can be found in Paragraphs 2 – 14 of Plaintiff's Complaint. Specifically, Plaintiff's Complaint alleges "Jurisdiction is conferred to this Court over defendant pursuant to CPLR § 302(a)(3)(i) and (ii)." [D.E. 1, ¶ 14]. According to Section 302(a)(3), a court may exercise personal jurisdiction over a non-domiciliary if the non-domiciliary "commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." N.Y. C.P.L.R. § 302(a)(3).

Plaintiff's Complaint fails to satisfy the first part of the two-step analysis required to be conducted by the Court, because – as to subsection (i) – Plaintiff's Complaint does not sufficiently

allege that Defendant regularly engages in business in New York or derives substantial revenue from goods or services rendered in New York. *See Murdock v. Arenson Int'l USA, Inc.,* 157 A.D.2d 110, 113, 554 N.Y.S.2d 887 (1st Dep't 1990) ("[T]o establish that a defendant 'does or solicits business' in New York, it must be shown that his 'overall contact with New York is substantial enough to make it reasonable to subject him to jurisdiction and feasible for him to defend here.'").

To be clear, Plaintiff's Complaint completely fails to allege that: (i) Defendant conducts or transacts business in New York, at all, whatsoever, with the sole allegation regarding any business conducted by Defendant being Defendant's creation of a trailer for the movie "Destiny Road" "for the sole purpose of advertising its book with the intent to generate additional income," [D.E. 1, ¶ 35] without any further information alleging whether this trailer was specifically directed to the State of New York or any consumer residing in the State of New York, and/or (ii) Defendant sold any goods or services in New York that resulted in Defendant receiving "substantial revenue" as a result of such sales in New York[2]. *See, e.g., Adwar Casting Co.*, 342 F. Supp. 3d. at 302 (finding failure to demonstrate specific jurisdiction exists because "[a]bsent from the complaint are any allegations that sales causing injury occurred in New York.").

Furthermore, in order to satisfy subsection (ii), Plaintiff must properly demonstrate that "there are tangible manifestations showing that the nondomiciliary defendant…either should have known where [its product] was destined or was attempting to reach a New York market." *Capitol Records, LLC v. VideoEgg, Inc.*, 611 F.Supp.2d 349, 363-64 (S.D.N.Y.2009). Plaintiff's Complaint does not allege that Defendant's purported infringing activity was knowingly destined or done in attempt to reach a New York market. *See Megna v. Biocomp Lab'ys Inc*., 166 F. Supp.

---

[2] For the avoidance of doubt, Plaintiff's Complaint is completely devoid of any allegation that Defendant derived any revenue from sales of any allegedly infringing goods or services in New York, or that Defendant actually engaged in or specifically directed any allegedly infringing commercial activity in New York.

3d 493, 500 (S.D.N.Y. 2016) ("since the Complaint does not adequately allege that [defendant] was attempting to reach a New York market or that it should have known its products were destined for New York, the Court finds that Section 302(a)(3) does not provide a basis for exercise of personal jurisdiction over [defendant].").  Case precedent readily establishes that an allegation that a plaintiff, based in New York, lost income and/or continues to lose income relating to the alleged infringement does not suffice to establish personal jurisdiction over a defendant. *See Adwar Casting Co.*, 342 F. Supp. 3d. at 302 (stating that a New York plaintiff may have lost income does not constitute "injury to a person or property within the state."); *see also Troma Entm't, Inc.*, 729 F.3d at 218 (upholding dismissal of New York based motion picture producer's copyright infringement claim for lack of personal jurisdiction and stating: "It is well settled that 'residence or domicile of the injured party within [New York] is not sufficient predicate for jurisdiction' under section 302(a)(3).").

Plaintiff's Complaint alleges Plaintiff was injured in New York, because (i) Plaintiff lost licensing revenue, owed to plaintiff in the State of New York, and (ii) Plaintiff's ability to license the Copyrighted Track to its New York based client was substantially impaired. [D.E. 1, ¶ 10]. New York Courts have ruled that such injury is insufficient to establish personal jurisdiction. In *Pablo Star Ltd.*, the Southern District of New York analyzed plaintiffs' claim that it suffered injury in the state of New York due to lost or threatened business resulting from being deprived of the opportunity to license and publish their copyrighted work in the New York, and stated:

> *Plaintiffs' argument fails for two reasons. First, as a general matter, when a defendant is accused of posting copyrighted material on a website accessible to anyone with an internet connection, Plaintiffs' theory of "market harm" would define the "market" as anywhere that the internet is accessible. Online copyright infringement would thus **always** cause injury in New York, no matter how thin a plaintiff's connection to the forum. **Such a rule is not consonant with a plaintiff's obligation under New York law to "allege facts demonstrating a non-speculative and direct New York-based injury to its intellectual property."**

170 F. Supp. 3d at 607-08 (emphasis added). The *Pablo* Court further cited to the fact that the New York Court of Appeals has cast doubt on the viability of a market-based approach to locating injury in the context of online infringement:

> *[In cases relating to online infringement] identifying the situs of injury is not as simple as turning to "the place where plaintiff lost business," because there is no singular location that fits that description….As a result, although it may make sense in traditional commercial tort cases to equate a plaintiff's injury with the place where its business is lost or threatened,* **it is illogical to extend that concept to online copyright infringement cases where the place of uploading is inconsequential and it is difficult, if not impossible, to correlate lost sales to a particular geographic area**.

*Id.* at 307 (emphasis added); *see also Freeplay Music LLC v. Dave Arbogast Buick-GMS, Inc.,* 2017 WL 449913 (S.D.N.Y. Jan. 18, 2017.) (stating "to hold that the posting of copyrighted material to the Internet for any purpose, such [as] posting a copyrighted photo to Instagram or Facebook – would automatically cause an in-state injury to a New York copyright holder" is a broad result not intended by the New York Court of Appeals).

Therefore, though Plaintiff attempts to allege facts demonstrating a non-speculative and direct New York-based injury, such assertions are dubious at best, and tantamount to nothing more than the assertion of a legal conclusion when taking into account: (i) Plaintiff admits that Plaintiff is a limited liability company existing and organized under the laws of the State of Florida [D.E. 1, ¶ 17], which fact hurts Plaintiff's claim it suffered a direct, particularized New York-based injury, as Plaintiff's own Complaint brings into question whether its damages could have possibly occurred in Florida, and (ii) Plaintiff's Complaint fails to provide any factual support what New York-based clientele no longer wished to license the Copyrighted Track,[3] therefore making such

---

[3] This claim further fails because the alleged harm does not correlate to the alleged infringing activity taken by Defendant. Plaintiff's Complaint alleges that Defendant used the Copyrighted Track for the purpose of creating a trailer to advertise Defendant's sale of books. This act is unique to Defendant, and Plaintiff does not allege that Defendant provided or made available the Copyrighted Track to any third party for such third party's personal use.

claim of injury entirely speculative in nature.

Likewise, Plaintiff's claims that Defendant derives significant revenue from interstate commerce and that Defendant knew its actions would have consequence in this state [D.E. 1, ¶¶ 8, 12] constitute conclusory assertions, which provide zero basis for the Court to exercise personal jurisdiction. *See Megna*, 166 F. Supp. 3d at 500 (S.D.N.Y. 2016) (stating that plaintiff's complaint alleging that defendant directs substantial and continuous activities at the residents of New York is merely a conclusory assertion that is not sufficient to establish personal jurisdiction); *see also Gmurzynska v. Hutton*, 257 F.Supp.2d 621, 625 (S.D.N.Y.2003) ("However, conclusory allegations are not enough to establish personal jurisdiction."); *see also Jewell v. Music Lifeboat*, 254 F. Supp. 3d 410, 422 (E.D.N.Y. 2017) (finding no personal jurisdiction over a defendant because plaintiff does not allege how much "absolute, or relative, revenue" is generated by defendant, and merely alleges in conclusory fashion that it is "substantial.").

Based on the foregoing, Plaintiff has not demonstrated sufficient basis for the Court's exercise of personal jurisdiction under CPLR § 302(a)(3)(i) and (ii). As a result, the Court need not consider whether personal jurisdiction comports with the notion of due process. *See Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir.1997) ( "Because we believe that the exercise of personal jurisdiction in the instant case is proscribed by the law of New York, we do not address the issue of due process."). Even if such weren't the case, Defendant does not have sufficient "minimum contacts" with the state of New York for the purpose satisfying due process.

"Minimum contacts" necessary to support the exercise of personal jurisdiction "exist where the defendant purposefully availed itself of the privilege of doing business in the forum and could

---

As such, Plaintiff's ability to license the Copyrighted Track has not actually been impaired in any way (in that third parties seeking to use the Copyrighted Track must still obtain a license from Plaintiff in order to do so). Moreover, this **not** a case where Plaintiff has alleged any act of digital piracy, nor may any such act be inferred from the contents of Plaintiff's Complaint.

foresee being haled into court there." *Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 170 (2d Cir.2013). In analyzing minimal contacts, the court examines the defendant's conduct, not that of plaintiffs or third parties, because the defendant's connection "with the forum State [cannot] result[ ] from decisions made by others...." *LaMarca v. Pak–Mor Mfg. Co.*, 95 N.Y.2d 210, 217, 713 N.Y.S.2d 304, 735 N.E.2d 883 (2000).

Plaintiff relies on the following allegations to assert that Defendant expected or reasonably should have expected its alleged infringing activity to have consequences in New York: (i) Defendant was put on notice that its infringing activity was having consequences in this state [D.E. 1, ¶ 11], and (ii) Defendant elected to continue to infringe, knowing its actions would have consequences in this state [D.E. 1, ¶ 12]. However, Plaintiffs provides no factual basis to support such claims, rendering such allegations conclusory in nature. Notwithstanding, even if Defendant foresaw or could have foreseen that its actions had an effect in New York, such foreseeability – taking into account that this is an online infringement case in which use of the internet makes it reasonably foreseeable that **anyone in the United States** could access the alleged infringing activity – is not enough for the Court to exercise personal jurisdiction. *See, e.g. Yash Raj Films (USA) Inc. v. Dishant.com LLC,* 2009 WL 4891764, at \*10 (E.D.N.Y. Dec. 15, 2009) (finding no personal jurisdiction because defendants did not purposefully affiliate themselves with New York, although it was foreseeable that website would be accessed by residents of New York); *see also Waldman.,* 835 F.3d at 339 (stating the mere "fact that harm in the forum is foreseeable … is insufficient for the purpose of establishing specific personal jurisdiction over a defendant.").

Per the allegations contained in Plaintiff's own Complaint, any relationship Defendant may have had with New York is premised on Defendant's decision to maintain a headquarters in New York (even though Plaintiff is a Florida company with a principal address based in Florida) (*see*

**Exhibit A**), rather than Defendant's own contacts with the forum (of which Plaintiff's Complaint fails to plead the existence thereof). Where there exists a lack of contacts with New York indicating purposeful availment of the forum, it is evident that Defendant could not have reasonably foreseen that it would be haled into court here. *See, e.g., Levans v. Delta Airlines, Inc.*, 988 F. Supp. 2d 330, 341 (E.D.N.Y. 2013).

Moreover, it is not reasonable for the Court to exercise personal jurisdiction over Defendant in this case. *See Licci*, 673 F.3d at 60 (The "reasonableness" inquiry examines "whether the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice'—that is, whether it is reasonable to exercise personal jurisdiction under the circumstances of the particular case."). As part of this inquiry, the Court considers the following factors:

> *(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.*

*Chloé*, 616 F.3d at 164–65. Taking each factor in turn: (1) Defendant would be significantly burdened with having to litigate this action in New York, as Defendant is based in North Carolina – or Wisconsin, as Plaintiff's Complaint alleges both situses for Defendant – and Defendant has no (nor does Plaintiff allege Defendant has any) office, employees, or agents in New York, and any evidence to be provided by Defendant is not based in New York; (2) New York's interest in adjudicating this dispute tips against the Court's exercise of personal jurisdiction, as Plaintiff's claims are founded in multiple federal statutes and not tied to a violation of any specific New York state law or regulation; and (3) litigating in this forum would not service the Court's or interstate judicial system's interest in obtaining the most efficient resolution, as so little, if any, necessary witnesses and/or parties that would be provided by Defendant are located in New York.

In sum, because Plaintiff's Complaint fails to allege that Defendant made any specific or distinct effort to directly or indirectly serve the New York market – *see, e.g., RegenLab USA LLC v. Estar Techs. Ltd.,* 335 F. Supp. 3d 526, 540 (S.D.N.Y. 2018) (stating to show that a defendant expected or should reasonably have expected to have consequences in New York, foreseeability is not enough, and defendant "must have made a discernible effort to directly or indirectly serve the New York market."); *see also Boyce v. Cycle Spectrum, Inc.,* 148 F. Supp. 3d 256, 266 (E.D.N.Y. 2015) ("[O]ccasional sales into New York, or awareness of a possibility that a product will find its way into New York, is not sufficient to satisfy [the court's reasonable expectation requirement].") – Plaintiff has failed to provide any basis for the Court's exercise of personal jurisdiction over Defendant. For such reason, Plaintiff's Complaint must be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Defendant requests that the Court enter an order dismissing Plaintiff's Complaint with prejudice and granting such further relief as the Court deems just and appropriate.

DATED: July 12, 2023

Respectfully submitted,

 */s/  Darren A. Heitner*
Darren A. Heitner, Esq.
**Heitner Legal, P.L.L.C.**
215 Hendricks Isle
Fort Lauderdale, FL 33301
Tel.: 954-558-6999
Fax: 954-927-3333
Email: Darren@HeitnerLegal.com
*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2023 a copy of the foregoing document was filed electronically via the Court's Electronic Case Filing System and thereby served upon all counsel of record.

_/s/  Darren A. Heitner_
Darren A. Heitner, Esq.